**XUEDONG ZHANG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–71723.

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed May 2, 2016.

Michael A. Rohr, Esquire, Law Offices of Michael A. Rohr, West Covina, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bernard Joseph, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Xuedong Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010), and review de novo due process contentions, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Zhang's testimony regarding the alleged beatings he suffered at the hands of officials in 2001 and 2006. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). We reject

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Zhang's due process contention, as the IJ did not admit the asylum officer's notes as evidence or otherwise rely on those notes in reaching the adverse credibility determination. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to ·prevail on a due process claim). In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, substantial evidence also supports the agency's denial of Zhang's CAT claim because it was based on the same testimony found not credible, and Zhang does not point to any other evidence establishing it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to .China. *See Shrestha,* 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2),

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir, R. 36–3,